UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES LAMAR JOHNSON**                                               **PETITIONER**

v.                                                     **CIVIL ACTION NO. 3:15CV-P199-JHM**

**AARON SMITH, WARDEN**                                               **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Charles Lamar Johnson filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Johnson to show cause why his petition should not be dismissed as barred by the applicable statute of limitations. Johnson did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his petition, Johnson stated that he was convicted of rape, sodomy, and incest in Jefferson Circuit Court on November 19 and 21, 2007, by a jury and was sentenced to a total term of 35 years' imprisonment. He filed an appeal, and his conviction was affirmed by the Kentucky Supreme Court on August 27, 2009. Johnson filed a motion to vacate his sentence pursuant to Kentucky RCr 11.42 on October 21, 2010. The Jefferson Circuit Court denied Johnson's motion on January 10, 2011. He appealed the denial, and according to the petition, the Kentucky Court of Appeals affirmed the denial of his motion on July 13, 2013. The habeas petition stated that the Kentucky Supreme Court denied his petition for discretionary review on December 2, 2013. However, according to the Kentucky Supreme Court's on-line records, the Kentucky Supreme Court denied Johnson's motion for discretionary review on August 13, 2014.

For the purposes of this Memorandum Opinion, the Court will use August 13, 2014, as the operative date. Johnson filed the instant petition for writ of habeas corpus in this Court on March 5, 2015.[1]

## II. ANALYSIS

Because Johnson's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

2

In the present case, Johnson's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on November 25, 2009, ninety days after entry of the Kentucky Supreme Court opinion on August 27, 2009, on the last date a petition for writ of certiorari could have been filed in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("As a result, direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to this Court has been exhausted.") (citations and internal quotation marks omitted); *Hill v. Dailey*, 557 F.3d 437, 437-38 (6th Cir. 2009) (acknowledging the 90-day window). Thus, Johnson had until November 25, 2010, to file a petition for writ of habeas corpus.

However, Johnson filed an RCr 11.42 motion on October 21, 2010, which tolled the statute of limitations. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Johnson's RCr 11.42 motion was denied, and his appeal concluded on August 13, 2014. While the statute of limitations was tolled during the pendency of his RCr 11.42 motion, once the tolling ceased, he had only 35 days remaining until the statute of limitations expired under § 2244 to file this action. However, Johnson did not file the instant action until March 5, 2015, 204 days after the conclusion of the appeal of his RCr 11.42 motion. Therefore, the instant action is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1) and (2).

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at

1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Johnson failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Johnson appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

4

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:   November 19, 2015

                                                        **Joseph H. McKinley, Jr., Chief Judge**
                                                          **United States District Court**

cc:     Petitioner, *pro se*
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
             Frankfort, KY 40601
4414.010